UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALCICLA INDÚSTRIA E. COMÉRCIO S/A | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:10-cv-585 (WWE) |
| | : | |
| UNITED TECHNOLOGIES CORPORATION, | : | |
| PRATT & WHITNEY, PRATT & WHITNEY | : | |
| CANADA CORP. and HAWKER | : | |
| BEECHCRAFT CORPORATION | : | |
|     Defendants. | : | |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff Alcicla Indústria e Comércio S/A ("Alcicla") brings this product liability action under Connecticut law. Defendants United Technologies Corporation ("UTC"), Pratt & Whitney and Pratt & Whitney Canada Corp. have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. #26). For the following reasons, UTC, Pratt & Whitney and Pratt and Whitney Canada's motion will be granted.

**BACKGROUND**

For purposes of ruling on a motion to dismiss, the Court accepts all factual allegations of the complaint as true. Because defendants' motion is made under Rule 12(b)(1), the Court will also review defendants' factual assertions.

Plaintiff Alcicla is a Brazil-based manufacturing company that supplies aluminum alloys to companies in different industries, including the metal, steel and automotive industries. Defendant UTC is a corporation based in Connecticut.[1] Defendant Pratt & Whitney is "a business unit" of UTC and a "citizen" of Connecticut. Defendant Pratt &

---

[1] Plaintiff does not allege where UTC is incorporated.

1

Whitney Canada is a division of Pratt & Whitney and a "citizen" of Canada. Defendant Hawker Beechcraft is a "citizen" of Kansas.[2]

On February 28, 2003, Alcicla entered into an operating lease agreement with non-party Raytheon Aircraft Credit Corporation ("RACC") relating to a Beech King Air B200 Aircraft (the "B200 Aircraft"). Under the lease agreement, the B200 Aircraft was to include two engines manufactured by Pratt & Whitney Canada. The limited warranty effective on the aircraft provided that the engines were warranted by the manufacturer. The retail delivery form dated June 3, 2003 indicates delivery of the B200 Aircraft from defendant Hawker Beechcraft's dealer to Alcicla and that the aircraft had logged 169.9 hours of flight time.

After delivery of the aircraft, plaintiff used it to fly from Brazil to its Venezuela office as well as for production installations and other business trips. The aircraft was hangared, serviced and maintained under contract by Lider in Minas Gerais, Brazil, the city where Alcicla is based. Plaintiff alleges that Lider is a business extension of defendant Hawker Beechcraft.

On May 16, 2007, the Lider repair facilities conducted an inspection of the B200 Aircraft, specifically conducting an analysis of the filter and oil of the accessory gearbox. Lider technicians noted a "scintillating" shine, which they determined originated from a damaged starter motor coupling shaft. Numerous technical analyses were conducted. Pratt & Whitney Canada do Brasil Ltda., a Brazil-based subsidiary of Pratt & Whitney Canada, reported that the engine was removed and transported to its workshop, where

---

[2] Plaintiff does not allege where Hawker Beechcraft is incorporated or where its principal place of business is. It only alleges that it is a "citizen" of Kansas.

it was analyzed.  On October 3, Pratt & Whitney Canada do Brasil stated to Lider in a one-paragraph letter that the engine under repair did not fall under the applicable warranty.

Because of the engine problems, the B200 Aircraft was grounded for at least eight months at which point it was returned to Alcicla.  Alcicla then negotiated the return of the aircraft to lessor RACC.

Plaintiff alleges claims under the Connecticut Product Liability Act for strict liability, negligence, breach of express and implied warranties and misrepresentation.  Plaintiff also asserts claims under (1) Connecticut General Statutes §§ 42A-2A-503, 42A-2A-504 and 42A-2A-505 for breach of express warranty, breach of the implied warranty of merchantability and breach of the implied warranty of fitness for a particular purpose; and (2) the Connecticut Unfair Trade Practices Act ("CUTPA").

## DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it."  2A James W. Moore, Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994).  "[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress."  Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009).  Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction.  Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

A case is dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court possesses neither the statutory nor the constitutional power to

adjudicate it.  Alkeylani v. Dep't. of Homeland Security, 514 F. Supp. 2d 258, 261 (D. Conn. 2007); see also Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).  As the party asserting subject matter jurisdiction, plaintiff has the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists.  The court should not draw argumentative inferences in plaintiff's favor.  Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l, Ltd., 968 F.2d 196, 198 (2d Cir. 1992).

Diversity jurisdiction exists only where there is complete diversity of the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  On a motion to dismiss under Rule 12(b)(1), the court may consider evidence outside the pleadings.  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  Diversity jurisdiction may be established based on the record as whole, including supplemental affidavits, despite the fact that a complaint may not adequately state requisite facts to satisfy 28 U.S.C. § 1332.  Canedy v. Liberty Mutual Insurance Co., 126 F.3d 100, 103 (2d Cir. 1997).

There is diversity between the parties when the parties are "citizens of a State and citizens or subjects of a foreign state."  28 U.S.C. § 1332(a)(2).  A corporation is deemed to be a citizen of both the state in which it is incorporated and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 130 S. Ct. 1181 (2010) (addressing meaning of "principal place of business").  A foreign corporation is "for purposes of jurisdiction in the courts of the United States, to be deemed, constructively, a citizen or subject of such State."  JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd., 536 U.S. 88, 91 (2002).  There is no diversity jurisdiction "where on one side there are citizens of a State and aliens and on the opposite side there are only aliens."  CP Solutions PTE, Ltd. v. GE, 553 F.3d 156, 158

(2d Cir. 2009). Even if a corporation maintains its principal place of business in a state and is considered a citizen of that state, if it is organized under the laws of a foreign nation, there is no diversity if another alien party is present on the other side of the litigation. Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002). The corporations on either side of the litigation need not be organized under the laws of the same foreign nation. Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC, 232 F.3d 79, 82 (2d Cir. 2000) (diversity lacking in suit by a Mexican corporation against a corporation organized under the laws of the United Arab Emirates, even if the defendant's principal place of business was in New York).

According to the complaint, plaintiff is a corporate citizen of Brazil, while defendants include three American corporations and a Canadian corporation. Plaintiff argues that Pratt & Whitney Canada is American-owned and that it has its principal place of business in Connecticut. Plaintiff admits, however, that Pratt & Whitney Canada was incorporated in Canada. This single fact is the only fact relevant to defendants' motion. For this fact – the location of Pratt & Whitney Canada's incorporation – leads to the conclusion that diversity is lacking in this matter. It does not matter where Pratt & Whitney Canada's principal place of business or "nerve center" is, how or where it earns its income or who owns it. Plaintiff seems to forget that a corporation's citizenship is determined based on two analyses, not only one.

Federal Rule of Civil Procedure 21 permits the court to drop a nondiverse party at any time to preserve diversity jurisdiction, if that party is not "indispensable" under Rule 19(b). CP Solutions PTE, 553 F.3d at 159. Although the Court will grant defendants' motion, the Court will permit plaintiff to file an amended complaint within

5

fourteen days of the filing of this ruling should complete diversity be met. At this point, the Court takes no position on to what extent Pratt & Whitney Canada may be indispensable to this litigation. Should plaintiff fail to file an amended complaint, the Clerk will be instructed to close this case.

Defendant Hawker Beechcraft Corporation has filed a motion to dismiss pursuant to Rule 12(b)(2) (Doc. #23). Because the Court is granting the motion to dismiss for lack of subject matter jurisdiction, it will not address Hawker Beechcraft's motion. Should plaintiff file an amended complaint that establishes jurisdiction, the Court will rule on Hawker Beechcraft's motion.

## CONCLUSION

For the foregoing reasons, the Court GRANTS UTC, Pratt & Whitney and Pratt and Whitney Canada's motion to dismiss (Doc. #26). Plaintiff shall have fourteen days to file an amended complaint setting forth a valid basis for jurisdiction. Failure to do so will result in the Court instructing the Clerk to close this case.

Dated at Bridgeport, Connecticut, this 20th day of October, 2010.

/s/
Warren W. Eginton
Senior United States District Judge